UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ABBIE L. WIGGINTON,   Case No. 1:06-cv-710

    Plaintiff,   Judge Weber
        Magistrate Judge Black

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that plaintiff was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") (Tr. at 14-25) (ALJ's decision)).

**I.**

Plaintiff filed applications for DIB and SSI on April 2, 2002, alleging that she was disabled beginning on February 12, 2002, due to rheumatoid arthritis in her knees and ankles, and a fused right wrist and hand (Tr. 50-52, 77, 337B-D.) That application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which plaintiff was represented by counsel, was held on April 20, 2004. (Tr. 341-376.)

Thereafter, on November 22, 2004, the ALJ issued a decision denying plaintiff's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

claim. (Tr. 14-25.) That decision stands as defendant's final determination consequent to denial of review by the Appeals Council on August 25, 2006. (Tr. 5-8.) The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant met the disability insured-status requirements of the Act on February 12, 2002, the date she stated she became unable to work, and continues to satisfy them at least through December 2007.

2. The claimant has not engaged in substantial gainful activity since February 12, 2002.

3. The medical evidence establishes that the claimant has "severe" impairments of: rheumatoid arthritis and depression, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.

4. The claimant retains the functional capacity to perform sedentary work, as such work is defined for Social Security purposes, if she is allowed to alternate positions as needed, is not constantly on her feet, is restricted from work on ladders or at unprotected heights, is limited to inside work in a temperature controlled environment, is limited to occasional stair climbing, stooping, kneeling, crouching, or crawling, and is limited to low stress work that is not fast paced and does not involve production quotas.

5. The claimant's allegations of total disability are not supported by substantial objective medical evidence or clinical findings and cannot be considered credible (20 CFR 404.1529. 416.929).

.6. The claimant is able to perform past relevant work as a secretary, as that job is customarily performed, consistent with the limitations set forth in Finding No. 6.

7. The claimant was not under a "disability," as defined in the Social Security Act, at anytime through the date of this decision. 20 CFR 404.1520(e) and 416.920(e).

(Tr. 24.)

In summary, the ALJ concluded that plaintiff was not under a disability as defined

by the Social Security Regulations and was therefore not entitled to DBI and SSI.

On appeal, plaintiff maintains that: (1) the ALJ erred in failing to find that plaintiff's impairments met or equaled a Listing (2) the ALJ erred in failing to give controlling weight to the opinion of plaintiff's treating physician; (3) the ALJ erred in evaluating plaintiff's pain, credibility, and subjective complaints; and (4) the ALJ erred in failing to pose valid hypothetical questions to the vocational expert. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the

3

claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform her past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.*, No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (per curiam). If the ALJ determines at Step 4 that the claimant can perform her past relevant work, the ALJ need not complete the sequential analysis. *See* 20 C.F.R. § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform her past relevant work, the matter should be remanded for further consideration under Step 5. *See Lauer v. Bowen*, 818 F.2d 636, 641 (7th Cir. 1987).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### A.

For her first assignment of error, plaintiff maintains that the ALJ erred in failing to

consider whether her impairments met or equaled a Listing of Impairment. Specifically, plaintiff asserts that her impairments meet or equal Listing 14.09 (A). Plaintiff's assertion lacks merit.

Here, at Step-Three of the sequential evaluation, the ALJ specifically found that plaintiff did not have a listing-level impairment. State agency physicians found that plaintiff did not suffer from a Listing level impairment. Moreover, there exists no additional medical opinion suggesting that plaintiff met or equaled a listing.

In any event, plaintiff maintains that she suffers from impairments that meet or equal Listing 14.09 (A). Listing 14.09 (A) requires inflammatory arthritis with "History of joint pain, swelling, and tenderness, and signs on current physical examination of joint inflammation or deformity in two or more major joints resulting in inability to ambulate effectively or inability to perform fine and gross movements effectively, as defined in 14.00B6b and 1.00B2b and B2c." 20 C.F.R. Pt 404, Subpt, App. 1 § 14.09(A).

The Listings define an inability to perform fine and gross movements effectively as "an extreme loss of function of both upper extremities, *i.e.* an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R. Pt 404, Subpt, App. 1 § 1.00B2c. Examples that satisfy this definition include: the inability to prepare a simple meal and feed oneself; the inability to take care of personal hygiene; and the inability to sort and handle papers or files. (*Id.*)

Here, as outlined in the ALJ's decision, plaintiff did not satisfy the requirements of

5

the Listing because "she can use her upper extremities for functional tasks." (Tr. 20). Plaintiff's own testimony reveals that she could use her upper extremities to get dressed, brush her hair, button and zipper her clothes, make sandwiches, and make her bed. (Tr. 16, 358-59.)

Accordingly, the undersigned finds that the ALJ did not err in failing to find that plaintiff did not meet or equal Listing 14.09 (A).

### B.

For her next assignment of error, plaintiff maintains that the ALJ erred in failing to give controlling weight to the opinion of plaintiff's treating physician, Dr. Ware. Plaintiff further asserts that Dr. Ware's findings are consistent with the other medical evidence of record, and, therefore, should be given controlling weight. Plaintiff's assertions lack merit.

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Mere diagnosis of a condition is not indicative of a disabling functional debilitation. *See Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's

6

medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson,* 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p). Nonetheless, the ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician. *See* Soc. Sec. Ruling 96-5p; *see also Varley,* 820 F.2d at 780.

In a July 2002 letter, Dr. Ware indicated that he had treated plaintiff since 1997 for juvenile rheumatoid arthritis, and opined that he believed that plaintiff "is permanently medically disabled from the inflammatory and joint damaging effects of this chronic inflammatory disease." (Tr. 216.)

Dr. Ware provided a an additional letter on April 11, 2005, wherein he stated:

> I believe due to the damage that she has sustained in her joints she is restricted from lifting and carrying for any significant length of time more than five pounds. She should avoid prolonged standing as this would aggravate the arthritis in her knees. Although she is able to sit, this should not be for prolonged periods of time - she should vary her activity to prevent stiffness. It is my medical opinion that she is likely disabled and unable to work due to the current severity of her juvenile arthropathy.

(Tr. 306.)

However, despite Dr. Ware's conclusions, the evidence of record, including his own functional assessment, fails to support Dr. Ware's disability finding.

Although Dr. Ware indicated on several occasions that plaintiff was "disabled" and /or "unable to work" (*See* Tr. 216, 221, 306), his progress notes do not support such a conclusion. As found by the ALJ, Dr. Ware's treatment notes showed that plaintiff generally responded well to treatment and had no synovitis most of the time. (Tr. 312,

7

313, 314. Dr. Ware also noted plaintiff's good response to her medication, and that her arthritis was under relatively good control. (Tr. 311-14.)

More importantly, the functional limitations set forth in Dr. Ware's April 2005 letter are consistent with sedentary work. In fact, when asked to consider the exact limitations articulated by Dr. Ware in the April 2005 letter, the vocational expert identified a significant number of sedentary jobs that plaintiff could perform, including her past relevant work as a secretary. (Tr. 371-72.) *See Hammond v. Apfel,* No. 99-1451, 2000 WL 420680, at *8 (6th Cir. Apr. 12, 2000) (Because the ALJ's hypothetical question to the VE accurately described plaintiff's limitations and ability to perform work, the VE's testimony in response - setting forth the many numbers of jobs that plaintiff can still perform - constitutes substantial evidence that plaintiff is not disabled).

Accordingly, upon careful consideration, the undersigned finds that the ALJ decision to discount Dr. Ware's opinion that plaintiff was "disabled" and/or "unable to work" is supported by substantial evidence and should not be disturbed.

## C.

For her final assignment of error, plaintiff maintains that the ALJ erred in evaluating plaintiff's credibility. Plaintiff asserts that the ALJ improperly evaluated her daily activities and failed consider the various side effects from her medication.

SSR 96-7p establishes a two step process for evaluating the claimant's testimony and statements about symptoms such as pain, fatigue or weakness.

First, the ALJ must consider whether there is an underlying medically

8

determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. If not, the symptoms cannot be found to affect the claimant's ability to do basic work activities. SSR 96-7p.

At step two , the ALJ must evaluate the intensity, persistence and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit his ability to work. If the claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case record. SSR 96-7p. Moreover, 20 C.F.R. §§ 404.1529(c) and 416.929 (c) indicate other relevant factors to consider in assessing credibility including: the claimant's daily activities; the location, duration, frequency and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medication; treatment other than medication; any measures the claimant has used to relieve the pain or other symptoms; and functional limitations and restrictions.

It is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d 1027,1036 (6th Cir. 1994); *see also McGuire v. Commissioner of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be

9

accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility").

Here, pursuant to SSR 96-7p, the ALJ considered a variety of factors in assessing plaintiff's credibility. (*See* Tr. 23.) As noted above, it is proper for an ALJ to consider plaintiff's daily activities in his credibility analysis. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). However, the ALJ not only considered plaintiff's daily activities, but also relied on her treatment history, and functional limitations as indicated by her treating doctor.

As noted by the Commissioner, while plaintiff alleged that she had to rely on others to perform household chores, the ALJ found that the medical evidence showed that medication helped to minimize her symptoms and stabilize her condition, and that she generally experienced increased symptoms when she had discontinued her medications (Tr. 20).

Moreover, plaintiff's assertion that the ALJ failed to consider the side-effects of her medications also lacks merit. In March 2004, Dr. Ware commented that plaintiff's nausea was relieved with medication (Tr. 20, 314). And Dr. Ware not impose any limitations due to medication side-effects.

While the ALJ acknowledged plaintiff's testimony that her medications caused nausea and weakness, he reasonably concluded that her medications did not cause any side-effects that prevented her from working. (Tr. 15, 23). Indeed, the ALJ properly summarized plaintiff's testimony, and his conclusion regarding the side-effects from plaintiff's medication was reasonable.

In sum, the ALJ properly evaluated plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. Because substantial evidence supports these findings, they must be affirmed. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (absent compelling evidence to the contrary, the ALJ's credibility findings should be accorded deference).

### D.

For her last assignment of error, plaintiff maintains that the ALJ erred in failing to pose valid hypothetical questions to the vocational expert. Specifically, plaintiff asserts that the hypothetical question was improper because it did not include plaintiff's right hand limitations and her inability to sit for prolonged periods. Plaintiff also asserts that the VE's identification of 900 jobs does not constitute a significant number of jobs. Plaintiff's assertions are unavailing.

Contrary to plaintiff's assertion, the hypothetical questions presented to the VE accurately reflected plaintiff's impairments and limitations as found by the ALJ and as supported by substantial evidence in the record. The ALJ was only required to incorporate into the hypothetical questions those limitations that he had accepted as credible. *See Stanley v. Secretary of Health & Human Servs.,* 39 F.3d 115, 118-19 (6th Cir. 1994).

With respect to plaintiff's sitting restrictions, the ALJ's hypothetical question, which restricted plaintiff to sedentary work that allowed her to change positions as

11

needed, is consistent with Dr. Ware's opinion that plaintiff could not sit for a prolonged periods of time, and that she should vary her activity to prevent stiffness. (*See* Tr.306.)

Furthermore, plaintiff's allegation that she has a limited ability to perform fine or gross manipulations with her right hand is unsupported by the evidence of record. In fact, no doctor has imposed any limitations on plaintiff's ability to perform fine and gross manipulations with her right hand. Moreover, as noted by the Commissioner, plaintiff's right hand abnormality has existed since childhood. She was able to work full-time with this condition, and the medical evidence does not document a worsening of her condition as it related to her right hand. As such, the ALJ's restriction to a range of less demanding sedentary work adequately accommodated plaintiff's impairments.

Finally, plaintiff claims that the VE was only able to identify 900 jobs, and that this figure did not constitute a significant number of jobs. The VE's response, however, was based on a hypothetical posed by plaintiff's attorney (Tr. 373-75), which included limitations the ALJ did not find credible. *See Stanley v. Secretary of Health & Human Servs.,* 39 F.3d 115, 118-19 (6th Cir. 1994) (The ALJ was only required to incorporate into the hypothetical questions those limitations that he had accepted as credible.)

The ALJ selected hypothetical questions which accurately described plaintiff's limitations and the extent of her ability to perform work. The VE's testimony in response - setting forth the many numbers of jobs that plaintiff can still perform - thus constitutes substantial evidence that plaintiff is not disabled. *See Hammond v. Apfel,* No. 99-1451, 2000 WL 420680, at *8 (6th Cir. Apr. 12, 2000).

For the foregoing reasons, plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

### IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date: February 20, 2008

s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ABBIE L. WIGGINTON,                   Case No. 1:06-cv-710

    Plaintiff,                               Judge Weber
                                         Magistrate Judge Black

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).